## Caguana v 111 W. 57th Prop. Owner, LLC

2025 NY Slip Op 32332(U)

July 1, 2025

Supreme Court, New York County

Docket Number: Index No. 158637/2016

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. DAVID B. COHEN**                 PART                     58

_Justice_

-------------------------------------------------------------------------X

JORGE CAGUANA, ROSA ARQUI,

                          Plaintiff,

              - v -

111 WEST 57TH PROPERTY OWNER, LLC,JDS
CONSTRUCTION GROUP, LLC,

                          Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158637/2016 |
| MOTION DATE | 10/22/2024, 12/11/2024, 01/17/2025 |
| MOTION SEQ. NO. | 010 011 012 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 010) 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 387, 388, 389, 405, 437, 438, 439, 440, 441, 442, 443, 444, 445, 446, 447, 448, 449, 450, 451, 452, 453, 454, 455, 456, 457, 458, 459, 460, 461, 462, 463, 464, 465, 466, 467, 468, 469

were read on this motion to/for                    AMEND CAPTION/PLEADINGS                    .

The following e-filed documents, listed by NYSCEF document number (Motion 011) 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 429, 430, 431, 432, 433, 434, 435, 470, 471, 472

were read on this motion to/for                              RENEWAL                              .

The following e-filed documents, listed by NYSCEF document number (Motion 012) 473, 474, 475, 476, 477, 478, 479, 480

were read on this motion to/for                              RENEWAL                              .

   In this Labor Law action, defendants/third-party plaintiffs, 111 West 57th Proper Owner,

LLC (111) and JDS Construction Group, LLC (JDS) (collectively, 111/JDS) move, pursuant to

CPLR 3025(b), for an order granting leave to amend their answer to add additional affirmative

defenses based on recently obtained and new information (seq. 010).  Plaintiffs oppose.

   In motion sequence 011, third-party defendant, Site Safety LLC, moves for leave to

renew its prior motion for summary judgment which sought dismissal of 111/JDS's claims

against it for failure to procure insurance.  111/JDS oppose.

[* 1]

By notice of motion, third-party defendant Safety & Quality Plus, Inc. (SQP) moves for leave to renew its prior motion seeking summary judgment on 111/JDS's claims against it for failure to procure insurance (seq. 012). 111/JDS oppose.

The motions are consolidated for disposition.

## I.    MOTION TO AMEND

Leave to amend is freely granted absent prejudice to the opposing party, when the amendment is not patently lacking in merit (*Garcia v Monadnock Constr.*, 235 AD3d 96 [1st Dept 2025]).

111/JDS move to amend their answer to assert affirmative defenses of unclean hands and fraud against plaintiffs, on the ground that some of plaintiffs' medical providers were recently named as defendants in a federal RICO lawsuit, along with plaintiffs' counsel here. They deny that plaintiffs are prejudiced by the amendment, as their counsel has been aware of the RICO lawsuit for months and is involved therein.

In *Linares v City of New York*, the Appellate Division, First Department, held that the defendants were not entitled to amend their answer to add a fraud counterclaim, based on the same allegations at issue here, finding that "the unproven allegations of fraud against plaintiff's attorney and medical providers in the RICO complaint do not, without more, warrant a counterclaim for fraud against plaintiff himself" (233 AD3d 479 [1st Dept 2024]; *see also Anguisaca-Morales v St. Paul and St. Andrew United Methodist Church*, 238 AD3d 439 [1st Dept 2025] [same]).

The same reasoning applies here, and contrary to 111/JDS's arguments, there is no meaningful distinction between the counterclaim sought in *Linares* and the affirmative defense sought here. Moreover, as the Court observed in *Linares*, "it should be left to the trial court to

determine to what extent defendants can explore the RICO allegations at trial" (233 AD3d at 480).

As an affirmative defense of unclean hands applies only to equitable claims, and not to actions exclusively seeking damages as here, the proposed amendment to add the claim is meritless (*Fifth Line, LLC v Fitch*, 167 AD3d 847 [2d Dept 2018]).

111/JDS's motion for leave to amend their answer is thus denied.

## II.      MOTIONS TO RENEW BY SITE SAFETY AND SQP

In the prior decision and order, dated November 11, 2024, it was determined that Site Safety and SQP had failed to provide copies of their insurance policies, and were thus not entitled to summary dismissal of the failure to procure insurance claims against them (NYSCEF 393).

Site Safety and SQP argue here that as it is undisputed that they had procured the required insurance coverage, their motions for leave to renew should be granted, even though they failed to submit their insurance policies on the original motion and have no reason for having failed to do so.  111/JDS observe that renewal must be denied as the documents existed at the time the original motions were made and movants do not demonstrate a reasonable justification for failing to include them.

Leave to renew must be denied when the movant fails to present new facts that were not available on the first motion (CPLR 2221[e]; *Bullaro v Ledo, Inc*., 234 AD3d 433 [1st Dept 2025]).

Here, the alleged new facts existed when movants filed their initial motions and they fail to offer reasonable justification for their failure to present them, and thus leave is denied (*see*

**158637/2016   CAGUANA, JORGE vs. 111 WEST 57TH PROPERTY**
**Motion No.  010 011 012**

**Page 3 of 4**

[* 3]

*Borek v Seidman*, 231 AD3d 465 [1st Dept 2024] [motion to renew properly denied as plaintiff did not offer reasonable justification for failure to submit medical records on original motion]).

### III.      CONCLUSION

Accordingly, it is hereby

ORDERED that the motion by defendants/third-party plaintiffs, 111 West 57th Proper Owner, LLC and JDS Construction Group, LLC, for leave to amend their answer to add additional affirmative defenses (seq. 010) is denied; it is further

ORDERED that third-party defendant, Site Safety LLC's motion for leave to renew its prior motion for summary judgment which sought dismissal of 111/JDS's claims against it for failure to procure insurance (seq. 011) is denied; and it is further

ORDERED that third-party defendant Safety & Quality Plus, Inc.'s motion for leave to renew its prior motion seeking summary judgment on 111/JDS's claims against it for failure to procure insurance (seq. 012) is denied.

20250701161522DCOHENBB749BF94CCC467A9589CCD179D5583E

| | | |
|---|---|---|
| **7/1/2025** | | |
| **DATE** | | **DAVID B. COHEN, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED  ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

[* 4]